UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MEMORIAL HERMANN HOSPITAL SYSTEM** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-3453 |
| **BRAIDWOOD MANAGEMENT, INC., EMPLOYEE BENEFIT PLAN, et al.,** | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff Memorial Hermann Hospital System's ("Plaintiff" or "Memorial Hermann") Motion to Remand (Doc. No. 8), Defendant Braidwood Management, Inc.'s ("Braidwood") Motion to Dismiss (Doc. No. 3), and Defendant Private Healthcare Systems, Inc.'s ("PHCS") Motion to Dismiss (Doc. No. 10). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Plaintiff's Motion to Remand should be **GRANTED**, and Braidwood and PHCS's Motions to Dismiss should be **DENIED AS MOOT**.

## I.    BACKGROUND[1]

This suit arises out of an alleged underpayment of costs due for medical care Plaintiff provided to a patient, KG.[2] Memorial Hermann has a managed care contract with PHCS ("PHCS Agreement") whereby Memorial Hermann provides healthcare services to PHCS's members at a negotiated rate lower than the customary billed charges for medical services in

---

[1] The allegations contained in Plaintiff's Original Petition ("Petition") (Doc. No. 1-3) are accepted as true for purposes of the pending motions.
[2] The patient's identifying information is not disclosed pursuant to the Health Insurance Portability and Accountability Act.

1

exchange for prompt payment of claims by PHCS's members. (Doc. No. 1-3, Pet. ¶¶ 12, 15.) Braidwood is a member of PHCS. (*Id.* ¶¶ 12, 15.) Braidwood has an agreement with Group Resources, Inc. ("GRI"), under which GRI provides claim administration functions, including verifying coverage, receiving and re-pricing claims from providers, and notifying Braidwood of the amount due to a provider. (*Id.* ¶¶ 13–14.)

KG was admitted and hospitalized by Memorial Hermann for treatment related to the birth of her premature newborn. (*Id.* ¶ 10.) KG had insurance coverage for herself and her child under a plan provided by Braidwood ("Braidwood Plan"). (*Id.* ¶¶ 10, 14.)[3] Memorial Hermann received verification from PHCS and GRI that KG had such coverage. (*Id.*) GRI and PHSC represented that Memorial Hermann's bill would be re-priced in accordance with the PHCS Agreement and authorized KG's admission. (*Id.*) Memorial Hermann then admitted KG and her child and provided requisite medical care from May 8, 2010 through July 22, 2010. (*Id.* ¶ 11.)

After KG was discharged, Plaintiff submitted claims to Defendants for payment of medical bills. (*Id.*) Plaintiff's customary billed charges for the services and supplies provided KG were $378,707.00. (*Id.*) Under the PHCS Agreement, Braidwood was required to pay $284,030.25 (*Id.* ¶ 16.) However, Braidwood submitted payment in the amount of only $132,675.26, $151,354.99 less than the amount owed under the PHCS Agreement. (*Id.*) Plaintiff attempted to appeal, call, negotiate, and meet with Defendants concerning the payment of these claims, but Defendants allegedly misrepresented facts, misled Plaintiff, and made excuses for not paying the claims. (*Id.* ¶ 17.)

Memorial Hermann then filed this suit in state court, claiming breach of the PHCS Agreement, and negligence and negligent misrepresentation premised on Defendants' failure to

---

[3] Braidwood points out that the Braidwood Plan is a plan governed by the Employee Retirement Income Security Act of 1974. (Doc. No. 3-1, Memorandum of Law in Support of Mot. to Dismiss at 2.) Memorial Hermann does not dispute that the Braidwood Plan is an ERISA plan. (*See generally* Doc. No. 8.)

timely pay claims, continued delay of payment, and misrepresentation of the expected payment. (*Id.* ¶¶ 20–27.) Braidwood subsequently removed this case based on federal jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1, Notice of Removal ¶ 6.) Braidwood premised federal question jurisdiction on ERISA preemption. (*Id.*) Braidwood and PHSC have since moved to dismiss this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 3, 10.) Memorial Hermann moved to remand this case back to state court. (Doc. No. 8.) The Court now turns to Plaintiff's Motion to Remand. Because the Court concludes that the case must be remanded, it does not address the Motions to Dismiss.

## II.   LEGAL STANDARD

An action may be removed from state court if the federal district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Normally, federal courts look to the face of a complaint to determine whether it implicates a substantial, disputed question of federal law. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Memorial Hermann Hosp. Sys. v. Aetna Health Inc.*, No. H-11-267, 2011 WL 3703770, at *2 (S.D. Tex. Aug. 23, 2011). "Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction." *Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield*, 331 F. Supp. 2d 502, 505–506 (N.D. Tex. 2004) (citing *Carpenter*, 44 F.3d at 366); *see also Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, No. Civ.A. H-05-1234, 2005 WL 1562417, at *2 (S.D. Tex. June 30, 2005) ("Even if the factual predicate underlying a plaintiff's complaint *could* have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert only state law claims in order to prevent removal.") (emphasis in original).

"There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Baylor*, 331 F. Supp. 2d at 506 (citing *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc)). "Complete preemption permits removal to federal court because the cause of action arises under federal law." *Young v. Prudential Ins. Co. of Am.*, No. H-07-612, 2007 WL 1234929, at *3 (S.D. Tex. April 24, 2007). ERISA § 502(a) has repeatedly been held to be a statute that completely preempts state laws. *See Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009); *Crossroads of Tex., LLC v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Baylor*, 331 F. Supp. 2d at 506; *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *3; *Halliburton Co. Benefits Comm. v. Memorial Herman Hosp. Sys.*, No. Civ.A. H-04-1848, 2005 WL 2138137, at *2 (S.D. Tex. Sept. 1, 2005). ERISA § 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). If a party's state law claims fall within that provision, they are preempted by ERISA. *Lone Star*, 579 F.3d at 528.

ERISA has another preemption provision, § 514(a), which provides that "any and all State laws [shall be superseded] insofar as they . . . relate to any [ERISA] plan." 29 U.S.C. § 1144(a). Unlike § 502(a), § 514(a) is a conflict preemption provision. *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *2 n.1. Conflict preemption occurs when "a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field

of state law." *Halliburton*, 2005 WL 2138137, at *2 n.1 (citing *Arana*, 338 F.3d at 439). "State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502(a), even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under . . . complete-preemption principles." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *see also Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7 (collecting cases).

In *Aetna Health Inc. v. Davila*, the Supreme Court created a two-part test for determining whether a claim is completely preempted by ERISA. The Supreme Court stated that "if an individual, at some point, could have brought his claim under ERISA § 504(a)(1)(B), and . . . there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. 200, 210 (2004). "[C]ourts applying *Davila* have found that when an ERISA plan participant has sued to assert his plan rights, ERISA preemption applies." *Ne. Hosp. Auth. v. Aetna Health Inc.*, No. H-07-2511, 2007 WL 3036835, at *9 (S.D. Tex. Oct. 17, 2007). "[A] hospital has standing to sue under § 502(a) as an assignee of a participant or beneficiary in order to claim plan benefits." *Memorial Hermann Hosp. System v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *4 (collecting cases). "Thus, any state causes of action for benefits under an [ERISA] plan brought by a provider *as an assignee* are completely preempted under ERISA." *Id.* In contrast, "[c]ourts applying *Davila* have found that there is no ERISA preemption when a health-care provider sues an insurance company to assert contract claims that exist independently of ERISA." *Ne. Hosp. Auth.*, 2007 WL 3036835, at *8. For instance, the Fifth Circuit has explained that a claim that implicates the *rate* of payment as set out in a separate agreement, rather than the *right* to payment under the terms of an ERISA plan, does not run afoul of *Davila*

5

and is not preempted by ERISA. *Lone Star*, 579 F.3d at 530; *see also Memorial Hermann Hosp. Sys. v. Aetna Health Inc.*, 2011 WL 3703770, at *3 ("When the question is the right of payment, as opposed to the rate of payment, ERISA complete preemption is triggered and Memorial Hermann's motion for remand must fail."); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 325 (2d Cir. 2011) ("[W]here a provider's claim involves the *right to payment* and not simply the *amount or execution of payment*—that is, where the claim implicates coverage and benefit determinations as set forth by the terms of the ERISA benefit plan, and not simply the contractually correct payment amount or the proper execution of the money transfer—that claim constitutes a colorable claim for benefits pursuant to ERISA § 502(a)(1)(B)." (emphasis in original)).

### III. ANALYSIS

Memorial Hermann argues that this case should be remanded because its claims are not completely preempted under *Davila*, and, accordingly, there is no federal jurisdiction. (Doc. No. 3–8.) Braidwood responds that Plaintiff's claims are premised on alleged violations of ERISA and are therefore preempted. (Doc. No. 9, Resp. to Pl.'s Mot. to Remand at 3–8.)

The first question under the *Davila* complete preemption test is whether Memorial Hermann is asserting a claim for a denial of coverage for medical care that it could have brought under ERISA § 502(a)(1)(B). *Davila*, 542 U.S. at 210. It is true that Memorial Hermann has standing to sue for any benefits owed to KG under the Braidwood Plan if KG assigns its rights under the plan to Memorial Hermann. *See Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *4. It appears, from Memorial Hermann's Motion to Amend Complaint, filed in the alternative should its Motion to Remand be denied, that Memorial Hermann is an assignee of KG. (*See* Doc. No. 8 at 8.) Accordingly, it is possible that Memorial

Hermann could have brought a claims under ERISA § 502(a)(1)(B) for full payment of covered benefits.

However, contrary to Braidwood's assertions, the significance of this fact is limited. *Davila* provides that, for a claim to be completely preempted, there must be no other independent legal duty that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210. An assignment by a beneficiary of claims arising under an ERISA plan does not deprive a provider like Memorial Hermann of the right to assert independent causes of action. *Halliburton*, 2005 WL 2138137, at *4; *Baylor*, 331 F. Supp. 2d at 509–510; *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *4; *Children's Hosp. Corp. v. Kindercare Learning Ctr., Inc.,* 360 F. Supp. 2d 202, (D. Mass. 2005) ("As a master of its own complaint, [plaintiff] had the right to assert independent causes of action regardless of the assignment.").

Here, Memorial Hermann's breach of contact claims are based entirely on the PHCS Agreement, not the Braidwood Plan. Specifically, Memorial Hermann alleges failure to timely pay the claims and to pay them at the agreed upon rate as required under the PHSC agreement. (Doc. No. 1-3 ¶ 21.)[4] The PHCS Agreement created independent legal duties regarding the rate and timeline of payments. Courts in this circuit have repeatedly recognized that disputes as to the rate of payment, as opposed to the right of payment, "do[] not run afoul of *Davila*." *Lone Star*, 579 F.3d at 530; *see also Baylor*, 331 F. Supp. 2d at 510; *Memorial Hermann Hosp. Sys. v. Aetna Health Inc.*, 2011 WL 3703770, at *3. Similarly, allegations of failure to timely pay claims under managed care contracts have also been found to survive the second prong of the *Davila* test. *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL

---

[4] Braidwood asserts that this is a claim about the right to payment. (Doc. No. 9 at 5.) This allegation has no support. Indeed, the face of Plaintiff's petition repeatedly makes clear that the claim is about failure to pay an agreed-upon rate. (Doc. No. 1-3 ¶¶ 10, 11, 16, 21.)

7

1562417, at *5; *Halliburton*, 2005 WL 2138137, at *5. Accordingly, Plaintiff's breach of contact claim is not completely preempted.

Memorial Hermann's negligence and negligent misrepresentation claims are similarly premised on Defendants' failure to pay claims on a timely basis, continuing delay of payment of claims, and misleading of Plaintiff as to payment expectations under the PHCS Agreement. (Doc. No. 1-3 ¶ 26.) These claims, like Memorial Hermann's breach of contract claims, are not merely seeking to recover benefits owed under the Braidwood Plan. District courts in this circuit have recognized that, to the extent a third-party provider's state law claims are preempted, it is under ERISA's conflict preemption provision, and not ERISA's complete preemption provision. *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *6. Even if these claims are preempted by ERISA § 514(a), a defense of conflict preemption does not create subject matter jurisdiction to hear cases removed from state court. *Giles*, 172 F.3d at 337; *see also Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *6. Indeed, without complete preemption or a federal claim, this court has no jurisdiction to decide conflict preemption. *Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *6.

None of the authority presented by Braidwood is to the contrary. Braidwood argues that *Christie v. Aetna Health, Inc.*, No. 4:10–cv–1766, 2011 WL 5864248, at *6 (S.D. Tex. Nov. 22, 2011) stands for the proposition that remand is inappropriate whenever a defendant can show that at least one of the provider's claims is preempted. Yet *Christie* holds only that a claim may not be remanded if it is preempted under § 502(a), not under any ERISA preemption provision. *See Christie*, 2011 WL 5864248, at *4–5. In *Christie*, the case turned on whether the provider

produced adequate documentation to enable a determination of whether certain procedures were covered *under the ERISA plan*. *Id.* Accordingly, the question in *Christie* was about coverage, or the right of payment, and not the rate. *Id.* at 5. *Christie* properly found the claims were preempted under § 502(a). *Christie* never once mentions ERISA § 514(a), never discusses the impact of conflict preemption on federal jurisdiction, and certainly never suggests that a defendant may defeat a motion to remand by a showing of conflict preemption. Case law clearly establishes that conflict preemption, unlike complete preemption, does not create federal jurisdiction. *Giles*, 172 F.3d at 337; *see also Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *6.

Braidwood's reliance on *Salman v. North American Benefits Co.*, No. H–12–2544, 2012 WL 6099048 (S.D. Tex. Dec. 7, 2012) is similarly misplaced. In *Salman*, the plaintiff sued, claiming violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing. *Salman*, 2012 WL 6099048, at *1. However, Salman did not dispute that he was seeking to recover benefits, as a beneficiary, under a plan that the court ultimately determined was covered by ERISA. *Id.* at *3. Such a scenario is entirely distinguishable from a provider seeking to enforce contractual and legal rights that exist independent of an ERISA plan.

Finally, nothing in any of the case law supports Braidwood's spurious contention that "ERISA plans may not properly be sued in state court." (Doc. No. 9 at 4.) The case law is clear that, in certain circumstances, ERISA plans may be sued for "run-of-the-mill state law claims" without raising any preemption concerns. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 248–49 (5th Cir. 1990). There is no reason why claims that do not raise preemption concerns may not be pursued in state court. Furthermore, binding precedent makes clear that, even when preemption is an issue, unless *conflict* preemption is implicated, federal courts do not

9

have subject matter jurisdiction to hear cases removed from state court. *See Giles*, 172 F.3d at 337; *see also see also Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417, at *7; *Halliburton*, 2005 WL 2138137, at *6. In such cases, state court is the *only* place an ERISA plan may be sued.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motions to Remand (Doc. No. 8) is **GRANTED**. Defendant Braidwood's Motion to Dismiss (Doc. No. 3) and Defendant PHCS's Motion to Dismiss (Doc. No. 10) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 15th day of May, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE